632 So.2d 23 (1992)
R.S.B.
v.
STATE.
CR-91-1286.
Court of Criminal Appeals of Alabama.
November 25, 1992.
Al Vreeland, Tuscaloosa, for appellant.
James H. Evans, Atty. Gen., and Gregory Griffin, Sr., Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, R.S.B.,[1] a juvenile, appeals from the order of the Juvenile Court of Tuscaloosa County, adopting the findings and recommendation of the referee, and adjudicating him to be delinquent. The referee held a hearing in this cause on April 23, 1992, and recommended that the appellant be adjudicated delinquent on the underlying offenses of hunting without permission on the lands of another, in violation of § 9-11-241, Code of Alabama 1975, and of failing to wear a "hunter orange" cap or vest, as required by Rule 220-2-.85 of the Alabama Department of Conservation and Natural Resources. The juvenile court fined the appellant $50 for hunting on the lands of another without permission and $25 for failing to wear "hunter orange," plus court costs, but found him not in need of care or rehabilitation.
The appellant raises several issues on appeal. We must remand this cause so that the juvenile court may clarify the status of the appellant. The juvenile court found that the appellant was delinquent, but that he was not in need of care or rehabilitation. This ruling is contrary to the mandates of the Alabama Rules of Juvenile Procedure. Section 12-15-1(9), Code of Alabama 1975, defines a "delinquent child" as a "child who has committed a delinquent act and is in need of care or rehabilitation." (Emphasis added.)
Further, § 12-15-65(d) provides, in pertinent part:
"(d) If the court finds on proof beyond a reasonable doubt, based upon competent, material and relevant evidence, that a child committed the acts by reason of which he is alleged to be delinquent or in need of supervision it may proceed immediately to hear evidence as to whether the child is in need of care or rehabilitation and file its findings thereon.... If the court finds that the child is not in need of care or rehabilitation, it shall dismiss the proceedings and discharge the child from any detention or other temporary care theretofore ordered."
(Emphasis added.)
Rule 25, A.R.Juv.P., states, in pertinent part:
"At the close of the hearing the court shall make one of the following findings in a docket entry or written order:
"(1) that the facts alleged in the petition are true and the child is dependent, in need of supervision, or delinquent and is in need of care or rehabilitation; or

*24 "(2) that the facts alleged in the petition are not proved or that the child is not in need of care or rehabilitation, in which event the petition shall be dismissed."
(Emphasis added.)
Here, the appellant was adjudicated delinquent, but was not found to be in need of care or rehabilitation. Section 12-15-65(d) and Rule 25, A.R.Juv.P., state that, upon a finding that the appellant is not in need of care or rehabilitation, the petition is to be dismissed. Rather than dismissing the petition, the court fined the appellant and ordered that he pay court costs. It also released the appellant into his parents' custody. By so doing, the court implicitly found the appellant in need of care or rehabilitation.
If the juvenile court finds that a youth is delinquent, it has several options. Section 12-15-71(c), Code of Alabama 1975, states, in pertinent part:
"If a child is found to be delinquent or in need of supervision, the court may make any of the following orders or dispositions for his supervision, care and rehabilitation:
"(1) Permit the child to remain with his parents, guardian or other custodian, subject to such conditions and limitations as the court may prescribe;
". . . .
"(5) Make such other order as the court in its discretion shall deem to be for the welfare and best interests of the child, including assessment of fines not to exceed $250.00 and such restitution as the court deems appropriate."
The record indicates only that the court found the appellant delinquent, and did not find him in need of care or rehabilitation. Therefore, this cause is remanded to the Juvenile Court for Tuscaloosa County, for a clarification of its ruling concerning the status of the appellant. Due return should be made with this court within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.
NOTES
[1] The anonymity of the appellant is being preserved, in accordance with Rule 52, A.R.A.P.